# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00024-MR
# (CRIMINAL CASE NO. 1:17-cr-00008-MR-WCM-1)

| | |
|---|---|
| JOYCE KAY GODWIN, ) )  Petitioner, ) ) vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1].

## I.     BACKGROUND

Petitioner was charged in the underlying criminal case with three counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts One through Three); three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts Four through Six); three counts of uttering a forged security, in violation of 18 U.S.C. § 513(a) (Counts Seven through Nine); and one count of receipt/possession of stolen mail, in violation of 18 U.S.C. § 1708 (Count Ten).  [Criminal Case No. 1:17-cr-00008 ("CR"), Doc. 1: Bill of Indictment].

Petitioner pled guilty pursuant to a written Plea Agreement to Counts One through Six and Ten. [CR Doc. 9: Plea Agreement]. By signing the written Plea Agreement, Petitioner expressly waived any appellate and post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at 5].

Petitioner appeared before a Magistrate Judge on April 5, 2017 for a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Petitioner stated during the hearing that she understood that she was under oath; that she had reviewed the Indictment and Plea Agreement with her attorney; that she fully understood the charges including the maximum and minimum penalties; that she understood each element of the charged offenses; that she understood the rights she was waiving by pleading guilty; that she had discussed with her attorney how the sentencing guidelines may apply in her case; and that she understood that her sentence may be greater or less than the guidelines range. She further admitted that she understood the terms of the plea agreement, including the appellate and post-conviction waiver provision, and she confirmed that her plea was voluntary. [CR Doc. 11].

The probation office prepared a Presentence Investigation Report ("PSR") in advance of sentencing. In the PSR, the probation officer grouped

Counts One through Three and Ten together and recommended a base offense level of seven. [CR Doc. 17 at ¶ 13]. Two levels were added because the offense involved ten or more victims [id. at ¶ 14], and two levels were deducted for acceptance of responsibility, resulting in a total offense level of seven [id. at ¶¶ 18, 20, 21]. Counts (4) through (6) were grouped together, and the recommended term of imprisonment for that group was the sentence required by statute. [Id. at ¶ 22].

The probation officer calculated three criminal history points based on Petitioner's prior convictions for conspiracy to commit offenses against the United States, uttering counterfeit and forged securities and aiding and abetting, aggravated identity theft and aiding and abetting, and bank fraud and aiding and abetting. [Id. at ¶¶ 43, 44]. Two points were added because Petitioner committed the offense while under a criminal justice sentence for the offenses in ¶ 43. [Id. at ¶ 45]. This resulted in a total criminal history score of five and a criminal history category of III. [Id. at ¶ 46]. The resulting guidelines range for Counts One through Three and Ten was four to ten months' imprisonment, plus mandatory consecutive two-year sentences for each of Counts Four through Six. [Id. at ¶¶ 105-06].

The Court adopted the PSR without change. The issue at sentencing was whether the mandatory two-year sentences for the § 1028A counts

should be concurrent or consecutive to one another. The statute requires that a § 1028A sentence be imposed consecutively to other counts, but allows that multiple § 1028A sentences may be imposed concurrently with each other. However, the Court found that imposing the sentences concurrently failed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from Petitioner, noting that Petitioner's offenses were very similar to crimes previously committed by her. [CR Doc. 23]. In a Judgment entered December 22, 2017, the Court sentenced Petitioner to ten months' imprisonment for each of Counts One through Three and Ten, to be served concurrently, and 24 months' imprisonment for each of Counts Four through Six, each to be consecutive to each other and the other counts, resulting in a total of 82 months' imprisonment. [1:17-cr-8, Doc. No. 22]. Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on January 1, 2019. [Doc. 1].

## II. STANDARD OF REVIEW

A federal prisoner claiming that her "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

4

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner raises four claims in her motion to vacate. Specifically, she argues that: (1) her sentence exceeds the advisory guidelines; (2) insufficient evidence supports the charges of conviction; (3) counsel was ineffective; and (4) her mental and medical problems were not considered at sentencing. Petitioner claims that "[n]one of these grounds have been presented [on direct appeal] because [she] listened to advice from counsel." [Doc. 1 at 9].

5

Petitioner does not seek to withdraw her guilty plea; rather, she only asks that the sentences on her § 1028A convictions be run concurrently.

With respect to Petitioner's ineffective assistance of counsel claim, Petitioner simply contends that she has learned "that [she] was not advised properly pertaining to [her] case." [Doc. 1 at 6]. Petitioner fails to provide any factual support for this claim. See United States v. Dyess, 730 F.3d 354, 358 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). Petitioner fails to specifically allege any deficient performance by counsel or how such deficient performance in any way prejudiced her. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Petitioner's vague and conclusory claim of ineffective assistance of counsel is therefore denied.

With respect to the other issues asserted by Petitioner, the Court concludes that these claims are waived. As noted above, Petitioner's plea agreement contains an explicit waiver of the right to challenge her sentence or conviction in appellate or post-conviction motions except for claims of ineffective assistance of counsel or prosecutorial misconduct. "[A] criminal defendant may waive h[er] right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). At her Rule 11 hearing,

Petitioner swore under oath that she understood that she was waiving her right to challenge her sentence or conviction in a post-conviction proceeding, except for those two grounds. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted rule 11 plea colloquy." United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (citations and internal quotation marks omitted). Representations made by a defendant at a Rule 11 hearing, as well as the findings made by the judge therein, constitute a formidable barrier in a subsequent collateral attack. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Having reviewed the record, the Court finds that Petitioner knowingly and voluntarily entered into her plea agreement and understood that she was waiving her right to attack her conviction and sentence pursuant to § 2255, except as to ineffective assistance of counsel and prosecutorial misconduct. The Court finds that the agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to Petitioner's attempts to challenge her conviction sentence on the remaining grounds asserted in the motion.

The Court notes that Petitioner's other claims are without merit, even were they not waived. Petitioner personally agreed to the facts set out in the Factual Basis document that supported her plea and stipulated that these facts formed an adequate basis for the plea. As for Petitioner's mental health issues, these were addressed at sentencing and even mentioned by Petitioner as part of her allocution. Petitioner's assertion that her sentence is above the Guideline range is not a basis to set aside her plea. In fact, Petitioner had stipulated as part of her Plea Agreement that the Government could advocate for an upward variance.

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate is denied and dismissed.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a

debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 12, 2019

Martin Reidinger
United States District Judge